**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>Abdul Crawford</u>
 Plaintiff

Case # _____
Judge _____

vs.
<u>North American Credit Services Inc</u>
 Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☒ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Victor Zabaleta                          Fla. Bar # 118517
           Attorney or party                                (Bar # if attorney)

Victor Zabaleta                                        07/06/2023
(type or print name)                                   Date

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.

ABDUL CRAWFORD,

**Plaintiff,**

v.

NORTH AMERICAN CREDIT
SERVICES INC,

**Defendant.**

_____/

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT

Plaintiff Abdul Crawford propounds the following discovery requests on Defendant North American Credit Services Inc. Responses to these discovery requests are due forty-five (45) days from the below service date. Attached as Appendix "A" are definitions of terms and phrases used in these discovery requests.

The responses to these discovery requests must be sent *via* e-mail to: **Thomas Patti, Esq.**, at tom@pzlg.legal and **Victor Zabaleta, Esq.**, at victor@pzlg.legal.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   tom@pzlg.legal
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*

## **INTERROGATORIES**

1. Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

    **Response**:

2. Identify by name and contact information the entity and/or vendor used by Defendant to send, prepare, draft, compile, and/or otherwise transmit the Collection Letter to Plaintiff. An example of such an entity and/or vendor is CompuMail, Inc.

    **Response**:

3. Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

    **Response**:

4. Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

    **Response**:

5. Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA and/or FDCPA as alleged by Plaintiff.

    **Response**:

6.     Identify by date, name, and contact information, each individual and/or entity that Defendant contacted, or that contacted Defendant, regarding the payment of any bills, invoices, statements, receipts, or otherwise collection statements, for services rendered to Plaintiff in connection with the alleged work-place injury sustained by Plaintiff. For example, this request seeks, among other things, the date, name, and contact information, of each representative of the applicable workers' compensation insurance carrier that Defendant contacted, or that contacted Defendant, with respect to [1] the submission of bills pursuant to Florida's Department of Insurance and Department of Administrative Hearing requirements and/or [2] the corresponding standards for payment in accordance with the Florida Workers' Compensation fee schedule.

**Response**:

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## REQUEST FOR PRODUCTION OF DOCUMENTS

*Please produce copies of the following documents*:

1. Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

2. Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

3. Copy of the template used to prepare the Collection Letter.

4. Copies of invoices and/or receipts involving or reflecting services that were either paid by, or rendered to, Defendant within the last two (2) years.

5. Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

6. A copy of the records specified by Rule 69V-180.080(1) that Defendant is required to maintain, and keep up to date within one week of the current date.

7. A copy of the records specified by Rule 69V-180.080(2) that Defendant is required to maintain, and keep up to date within one week of the current date.

8. A copy of the records specified by Rule 69V-180.080(3) that Defendant is required to maintain, and keep up to date within one week of the current date.

9. A copy of the records specified by Rule 69V-180.080(4) that Defendant is required to maintain, and keep up to date within one week of the current date.

10. A copy of the records specified by Rule 69V-180.080(5) that Defendant is required to maintain, and keep up to date within one week of the current date.

11. A copy of the records specified by Rule 69V-180.080(6) that Defendant is required to maintain, and keep up to date within one week of the current date.

12. A copy of the records specified by Rule 69V-180.080(7) that Defendant is required to maintain, and keep up to date within one week of the current date.

13. A copy of the records specified by Rule 69V-180.080(8) that Defendant is required to maintain, and keep up to date within one week of the current date.

14. A copy of the records specified by Rule 69V-180.080(9) that Defendant is required to maintain, and keep up to date within one week of the current date.

15. A copy of the records specified by Rule 69V-180.080(10) that Defendant is required to maintain, and keep up to date within one week of the current date.

16. A copy of the records specified by Rule 69V-180.080(11) that Defendant is required to maintain, and keep up to date within one week of the current date.

17. A copy of the "written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer" required by Rule 69V-180.090(2).

18. A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

19. Copies of the documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

20. Copies of the documents that Defendant was asked to identify in response to Plaintiff's interrogatories.

21. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## **REQUESTS FOR ADMISSION**

*Please admit or deny the following*:

1. Admit that the Collection Letter is a true and correct copy of a document Defendant sent to Plaintiff.

2. Admit that the Collection Letter is a communication in connection with the collection of a debt.

3. Admit that Defendant is a "consumer collection agency" as defined by the FCCPA.

4. Admit that Defendant is actively registered as a consumer collection agency with the Florida Office of Financial Regulation.

5. Admit that Defendant maintains all records specified by Rule 69V-180.080, Florida Administrative Code.

6. Admit that all records maintained by Defendant, as specified by Rule 69V-180.080, Florida Administrative Code, are current to within one week of the current date.

7. Admit that the Debt is a "consumer debt" as defined by the FDCPA;

8. Admit that Defendant is a "debt collector" as defined by of the FDCPA.

9. Admit that Defendant engaged in collection activity by sending the Collection Letter to Plaintiff.

10. Admit that you attempted to collect a financial obligation from Plaintiff within the last year.

11. Admit that you attempted to collect a financial obligation from Plaintiff within the last year that was incurred primarily for personal, family, or household purposes.

12. Admit that you regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the above Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____, who produced as identification _____, bearing number _____ expiring on _____ who did take an oath, who stated that he/she is the person noted above, and that, according to his/her best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202\_\_\_\_\_.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

SEAL OF NOTARY

## APPENDIX "A" – DEFINITIONS

(1)     "Action" shall mean the above captioned matter.

(2)     "Any," "All," and "each" shall be construed as any, all and each.

(3)     "And" shall mean and/or.

(4)     "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)     "Complaint" means the operative Complaint filed in the above captioned action.

(6)     "Collection Letter" shall refer to the "Collection Letter" identified in the Complaint.

(7)     "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean the above-captioned Defendant, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)     "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams,

       messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Rules.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

(13)    "Including" means: (1) including, but not limited to, or (2) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)    "Or" shall mean and/or.

(16)    "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)    "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)    "Plaintiff" or "Plaintiff's" shall mean the above-captioned Plaintiff.

(19)    "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on the date of these requests.

(20)    "Third-party," "third-parties," "vendor," and/or "vendors," shall mean: any person or entity other than Plaintiff, Plaintiff's attorney, the current creditor of the Consumer Debt and said current creditor's attorney.

(21)    The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(22)    The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
PLAN AND ORDER

_____/

**STANDING CASE MANAGEMENT PLAN/ORDER**
(General Track)

**PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, Fla. Admin. Order No. AOSC20-23 (Amendment 12) (April 13, 2021), and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management.  Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan.  It is hereby

**ORDERED** that:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:**  The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.  If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin.  The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

2. **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)**  and (iv) any division-specific guidelines that may be applicable.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4. **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

## CASE MANAGEMENT PLAN – GENERAL TRACK

*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:** Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303

**OSCEOLA COUNTY:** Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417

REV 04/29/2021

IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

Case No. 2023-CC-12795-O

**ABDUL CRAWFORD,**

    Plaintiff,

v.                                                   CIVIL ACTION SUMMONS

**NORTH AMERICAN CREDIT SERVICES INC,**

    Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

                North American Credit Services Inc
                c/o Corporation Service Company
                2908 Poston Avenue
                Nashville, Tennessee 37203

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Thomas Patti, Esq., Patti Zabaleta Law Group, 3323 Northwest 55th Street Fort Lauderdale, Florida 33309, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____9/6/23_____

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

Tiffany Moore Russell, Clerk of the Court

By: __/s/ Brian Williams_____
       As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

Dated: September 5, 2023

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550
COUNSEL FOR PLAINTIFF