UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ABDUL CRAWFORD,**

        **Plaintiff,**

v.                                           **Case No: 6:23-cv-1780-RBD-DCI**

**NORTH AMERICAN CREDIT SERVICES, INC.,**

        **Defendant.**

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Strike Defendant's *Bona Fide* Error Affirmative Defense (Doc. 17)** |
| **FILED:** | **October 9, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. Background

Plaintiff filed a consumer protection claim in state court alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 (FDCPA). Doc. 1. Thereafter, Defendant removed the case to federal court. *Id.* Defendant filed an answer, asserting eight affirmative defenses. Doc. 14. Plaintiff has filed a motion to strike one of Defendant's affirmative defenses—the *bona fide* error defense—pursuant to Federal Rule of Civil Procedure 12(f). Doc. 17 (the Motion). Defendant opposes the Motion. Doc. 20. Upon consideration, the Motion is due to be denied.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b).  Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts."  *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters).  "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'"  *Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011) (citation omitted).  "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'"  *Id*. (citation omitted).

Courts are split regarding whether the pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) applies to affirmative defenses.  However, the undersigned agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses.  *See e.g.*, *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *2–3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2–4 (M.D. Fla. 2011).

### III. Discussion

Defendant's seventh affirmative defense states:

> Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of the Fair Debt Collection Practices Act (FDCPA) because such actions or inactions if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

Doc. 14 at 8-9.

Plaintiff contends that the *bona fide* error defense must be plead with specificity, seemingly applying a heightened standard that the undersigned rejects.  *See* Doc. 17 at 3-5.  Plaintiff cites several cases from another district but fails to provide any binding authority to support the proposition that Defendant must provide more than it has.  Plaintiff states that the defense is "vague and does not provide Plaintiff with sufficient information upon which to prepare a response and does not provide Plaintiff with fair notice."  *Id.* at 6.  However, "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."  *Hassan*, 842 F.2d at 263.  Defendant's

answer does just that—the plain and concise statement puts Plaintiff on notice that Defendant asserts a *bona fide* error defense.

Additionally, with discovery ongoing, the Court finds that it is premature to determine whether Defendant's defenses and denials are "insufficient" as a matter of law, and thus Plaintiff's Rule 12(f) motion is due to be denied at this stage. *See Adams*, 2011 WL 2938467, at *2 (declining to make a Rule 12(f) decision on the merits of affirmative defenses while discovery remained ongoing); *see also Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc.*, 488 F. App'x 430, 434 n.2 (11th Cir. 2012) (observing that resolution of a Rule 12(f) motion is left to the sound discretion of the district court). The Court declines to exercise the "drastic remedy" of striking Defendant's affirmative defense at this stage.

### IV. Conclusion

Accordingly, the Motion (Doc. 17) is **DENIED**.

**ORDERED** in Orlando, Florida on November 20, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE