UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-01780-RBD-DCI

**ABDUL CRAWFORD,**

    Plaintiff,

v.

**NORTH AMERICAN CREDIT SERVICES INC**,

    Defendants.
_____/

## UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Abdul Crawford ("Plaintiff") submits this *Unopposed* Motion to Extend Scheduling Order Deadlines and, in support thereof, states:

1. On September 15, 2023, Plaintiff filed his Complaint.

2. On October 13, 2023, the Court entered the Case Management and Scheduling Order ("CMSO"). D.E. 18

3. On April 25, 2024, attorney Scott David Owens appeared on behalf of Plaintiff. D.E. 26

4. Plaintiff's new counsel was not a Party to the initial scheduling conference.

5. Due to recently retaining new counsel, Plaintiff respectfully requests that the current deadlines be extended by sixty (60) days in order to coordinate with existing counsel regarding the case.

6. Prior to the submission of this Motion, counsel for Plaintiff conferred with counsel for Defendant regarding the extension sought by Plaintiff, whereby counsel for Defendants advised Plaintiff's extension request *was not* opposed.

## LEGAL STANDARD AND ARGUMENT

7. A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

8. Good cause exists to modify a scheduling order deadline, if the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. *Moss v. Am. Private Equity, LLC*, No. 8:18-cv-587-T-23JSS, 2018 U.S. Dist. LEXIS 241965, at *3 (M.D. Fla. Aug. 14, 2018)

9. Moreover, a Motion requesting extension of deadlines established in a CMSO explicitly requires a recitation of the following: "(a) whether the motion is agreed or opposed; (b) [*6] the impact—if any—that the parties expect the deadline extension will have on the trial date and summary judgment deadline; (c) the specific reasons that any additional discovery is both necessary and could not be completed in the time allotted by this CMSO; and (d) the parties' agreement that any evidence obtained in the extended discovery period will be unavailable for summary judgment purposes, and the extension will not be relied on in any way to support another motion to continue or to extend a deadline. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a)." *Knights v. Wyndham Vacation Ownership, Inc.*, No. 6:23-cv-1104-RBD-DCI, 2024 U.S. Dist. LEXIS 17525, at *5-6 (M.D. Fla. Feb. 1, 2024)

10. The CMSO entered on October 13, 2024, sets forth the following deadlines.

- All discovery, including expert discovery, is completed: May 3, 2024
- Summary Judgment, *Daubert*, and *Markman* Motions: June 4, 2024
- A Single Motion In Limine for Each Party and Any Other Motions: September 26, 2024
- Pre-Trial Meeting: September 27, 2024

- Joint Final Pretrial Statement ("PTS") and Trial Briefs (if necessary): October 7, 2024

- Final Pre-trial conference: October 17, 2024

- Revised Trial Materials: October 24, 2024

- Commencement of the Trial Term: November 4, 2024

11. On April 23, 2024, the Court ordered that the Parties attend an in person mediation by Friday, June 21, 2024. D.E. 26

12. Plaintiff retained new counsel on April 27, 2024, D.E. 27

13. Plaintiff respectfully urges the Court to modify the following Scheduling Order as follows:

- All discovery, including expert discovery, is completed: July 2, 2024

- Summary Judgment, Daubert, and Markman Motions: August 3, 2024

- A Single Motion In Limine for Each Party and Any Other Motions: November 25, 2024

- Pre-Trial Meeting: November 26, 2024

- Joint Final Pretrial Statement ("PTS") and Trial Briefs (if necessary): December 6, 2024

- Final Pre-trial conference: December 16, 2024

- Revised Trial Materials: December 23, 2024

- Commencement of the Trial Term: January 3, 2025

14. The extension sought herein by Plaintiff is not for purposes of delay and will not otherwise prejudice Defendant, as Defendant does not oppose the extension sought by Plaintiff.

15. The Parties have completed paper discovery and have diligently sought to resolve this matter without the Court's intervention, but it appears that dispositive Motions are necessary to resolve the dispute between Plaintiff and Defendant.

16. The Parties have diligently engaged in discovery, but due to the recent retention of new counsel by Plaintiff, Plaintiff's recently retained counsel needs time to familiarize himself with the discovery that has been produced and is still awaiting Defendant to provide Plaintiff with a time in which Plaintiff can depose Defendant's corporate representative.

17. Despite the diligence of both Plaintiff and Defendant and due to the recent retention of new counsel by Plaintiff, the parties will not be able to engage in depositions and complete discovery within the deadlines set out within the CMSO.

18. A deposition of Defendant's corporate representative was previously scheduled, but in order to accommodate the corporate representative's unexpected unavailability, said deposition needed to be continued to a later date.

19. Plaintiff has tried, with diligence to comply with all deadlines, but has been unable to complete all discovery within the appropriate time frame due to the unexpected unavailability of Defendant's corporate representative.

20. The retention of new counsel and the unexpected unavailability of Defendant's corporate representative are good cause to grant this Motion.

21. The Parties believe that the foregoing requested extension, the retention of new counsel by Plaintiff and the unexpected unavailability of Defendant's corporate representative necessitate the extension of the Summary Judgment and Trial date.

22. The Parties cannot agree that evidence obtained within the new discovery deadlines will not be used for Summary Judgment purposes but agree that this Motion will not be used to extend an additional deadline in the future.

23. No further extensions in this case will be needed.

24. For all the these reasons, good cause exists to amend the CMSO and Plaintiff respectfully requests this Court grant extensions of the deadlines in the CMSO as follows:

- All discovery, including expert discovery, is completed: July 2, 2024
- Summary Judgment, Daubert, and Markman Motions: August 3, 2024
- A Single Motion In Limine for Each Party and Any Other Motions: November 25, 2024
- Pre-Trial Meeting: November 26, 2024
- Joint Final Pretrial Statement ("PTS") and Trial Briefs (if necessary): December 6, 2024
- Final Pre-trial conference: December 16, 2024
- Revised Trial Materials: December 23, 2024
- Commencement of the Trial Term: January 3, 2025

25. This Motion is not brought for any improper purpose. Neither party will be prejudiced if the Motion is granted and the request will not result in undue delay.

26. WHEREFORE, Plaintiff, respectfully, asks this Court to extend the current deadlines in this case by sixty (60) days.

## **CERTIFICATE OF CONFERRAL**

Counsel for Plaintiff conferred with counsel for Defendant regarding the extension sought herein by Plaintiff and counsel for Defendant advised that Defendant *does not* oppose the extension sought by Plaintiff.

DATED: May 2, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33301
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 2, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377