**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ABDUL CRAWFORD,

    Plaintiff,

v.  Case No. 6:23-cv-1780-RBD-DCI

NORTH AMERICAN CREDIT
SERVICES, INC.,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Unopposed Motion to Extend Scheduling Order Deadlines. (Doc. 28.)

On September 15, 2023, Defendant removed this case to federal court. (Doc. 1; *see* Doc. 1-1.) On October 13, the Court entered a Case Management and Scheduling Order ("CMSO") establishing the following deadlines: (1) discovery due May 3, 2024; (2) dispositive motions due June 4, 2024; (3) the pretrial conference ("PTC") October 17, 2024; and (4) a trial term in November 2024. (Doc. 18, pp. 3–4.)

On April 25, 2024, Plaintiff switched attorneys. (*See* Doc. 27.) On May 2—the day before the discovery deadline—Plaintiff moved to extend all CMSO deadlines by two months. (*See* Doc. 28.) He claims that good cause exists for two reasons:

(1) his new attorney needs time to review discovery and cannot complete depositions by the end of discovery; and (2) Plaintiff's deposition of Defendant's corporate representative had to be rescheduled at the last minute. (*See id.* at 4–5.) Defendant does not oppose. (*See id.* at 6.)

Motions to extend deadlines require good cause, which means diligence. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The CMSO requires that parties say why additional discovery could not be completed by the deadline, that evidence from the extended discovery period will not be used for summary judgment, and that the extension will not be relied on to ask for another extension. (Doc. 18, p. 10.) To move the trial term, lead trial counsel must obtain their client's written consent. (*Id.* at 9–10); *see* Local Rule 3.08(b).

Although Plaintiff recites the CMSO's requirements for extending deadlines (*see* Doc. 18, p. 10), he does not say what he has done that constitutes diligence under the circumstances. (*See* Doc. 28, ¶¶ 19–23.) That he says he has been diligent and "tried" to comply with the CMSO's deadlines does not make it so without some reason constituting good cause. (*See id.* ¶¶ 15–17.) Further, to move the trial term, lead trial counsel must obtain their client's consent in writing, which has not been done. (*See* Doc. 18, pp. 9–10); Local Rule 3.08(b). absent these requirements and demonstrated diligence and good cause, the Court will not modify the CMSO.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion (Doc. 28)

is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 3, 2024.

ROY B. DALTON, JR.
United States District Judge