UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:23-cv-01780-RBD-DCI

ABDUL CRAWFORD,

    Plaintiff,

v.

NORTH AMERICAN CREDIT SERVICES, INC.,

    Defendant.

_____/

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE FOR PLAINTIFF TO APPEAR AT SECOND MEDIATION BY VIDEOCONFERENCE

COME NOW, the Plaintiff, Abdul Crawford requests this Court for leave to allow the Plaintiff to appear at the second mediation required by **DE [26]** via videoconference, and as grounds, therefore, state as follows:

1. This action is filed under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Pursuant to the Court's Order **[DE 26]**, the Parties are required to conduct an in-person mediation by June 21, 2024.

3. The Parties previously mediated this matter on April 23, 2024, *via* Zoom with Certified Mediator, James Betts, in which all Parties were present but the mediation conference ended in an impasse. **[DE 25]**

4. Counsel for all Parties have worked diligently to obtain availability from all Parties and Mr. Betts to appear in person at the law offices of Shepard, Smith, Kohlmyer & Hand, P.A. with the court-ordered deadline, but unforeseeable circumstances effecting the biological father, as elaborated below, of Plaintiff necessitate modification of this Court's Order [Doc. 26] so to allow Plaintiff, and only Plaintiff, to participate in the mediation *via* remote video conference.

5. The Parties had originally anticipated conducting the in-person mediation on June 11, 2024; however, Plaintiff's counsel was recently informed that Plaintiff will be out of the country from May 28, 2024, until June 17, 2024, to care for his paternal father, of whom is at the end-stage of his life and will soon pass. Plaintiff was the only individual able to care of his father and is the only individual able to make the final necessary arrangements with respect to his father's affairs and ultimate passing.

6. Pursuant to Local Rule 4.03: "To refer an action or claim to mediation, the judge must enter an order that: (d) requires the attendance — in-person unless otherwise agreed by the parties — of lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative;"

7. Thus, it is within the Court's power to allow the Parties to permit mediation via videoconference upon the agreement of the parties.

8. In an abundance of caution and to comply with this Court's deadline of

June 21, 2024 **[DE 26]** in which to conduct mediation, the Parties respectfully ask that the Court allow the Plaintiff to participate in mediation by videoconference while Plaintiff is out of the country caring for his dying father. All other participants, including but not limited to, counsel for Plaintiff, Defendant, counsel for Defendant, and the mediator, shall be participating in the mediation in person. This Motion exclusively seeks leave to allow Plaintiff, and only Plaintiff, to appear *via* remote video conference due to the unfortunate and unforeseeable circumstances Plaintiff is now facing with respect to his father.

9. Thus, good cause exists to allow the Plaintiff to participate in mediation *via* video conference because requiring Plaintiff to participate in a second mediation, in person, will prevent Plaintiff from caring for his father, as Plaintiff is the only person who is able to care for his father, as well as the only person able to make the necessary final arrangements in light of his father's short-term prognosis. Requiring Plaintiff to choose between conducting a second mediation, in person, and caring for his dying father is unjust and inequitable under the circumstances and, as such, warrants modification of this Court's Order [DE 26] so to allow Plaintiff to appear at the second mediation *via* remote video conference.

10. All other Parties, including, Plaintiff's counsel from Miami, Defendant's Representative from Chattanooga, Tennessee, and Mr. Betts from Tampa, will all attend in person on June 11, 2024.

11. The mediator and the Defendant's counsel do not oppose the Plaintiff's appearance by video conference and have indicated that a video conference will allow the Parties to conduct the in-person mediation within the court-ordered deadline. As such, the Parties' resources would be better served if the Plaintiff were permitted to proceed by videoconference given the fact that the previous mediation resulted in an impasse.

12. In light of the necessity that Plaintiff care for and make the final arrangements for his dying father, good cause exists to allow Plaintiff to participate in the mediation conference remotely.

13. Counsel for the Parties represent that they have filed this Motion to satisfy the Order of Compliance within the court-ordered deadline and without the need to prejudice the Plaintiff's family issue or cause the Parties to request an extension to the deadline.

WHEREFORE, the Parties jointly and respectfully request this Honorable Court to enter an Order granting leave to allow the Plaintiff to attend the Court Ordered Mediation to be set on June 11, 2024, at 9:30 a.m., by video conference. Dated this 24th **day of May 2024.**

## COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned counsel has conferred with all Parties in this matter via telephone and opposing counsel and the Mediator prior to filing this Motion. All Parties consent to the Motion and the relief sought by the Plaintiff.

/s/ Thomas J. Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: tom@pzlg.legal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **May 24, 2024,** via the Clerk of Court's CM/ECF system which will provide electronic notice to:

/s/ Thomas J. Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail: tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail: victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3325 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone: 561-542-8550

COUNSEL FOR PLAINTIFF

/s/ Ernest Kohlmyer
**ERNEST KOHLMYER, ESQ.**
Florida Bar No. 0101108
E-mail: SKohlmyer@Shepardfirm.com

Shepard Smith Kohlmyer & Hand PA
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Phone: 407-622-1772

COUNSEL FOR DEFENDANT