UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDUL CRAWFORD,

        Plaintiff,

v.

NORTH AMERICAN CREDIT
SERVICES, INC.,

        Defendant.
_____/

Case No. 6:23-cv-01780-RBD-DCI

# PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), Plaintiff Abdul Crawford hereby submits this Statement of Undisputed Material Facts in support of his Motion for Summary Judgment:

1. Plaintiff, Abdul Crawford, is a natural person and is over the age of eighteen. (Declaration of Abdul Crawford at ¶ 1).

2. On June 21, 2022, Plaintiff was injured in a work-related accident which required immediate medical treatment. (Declaration of Abdul Crawford at ¶ 3).

3. Along with Plaintiff's physical injuries, he suffered emotional injuries due to Defedant's attempts to collect debts he did not owe. (Declaration of Abdul Crawford at ⁋ 9)

4. A portion of the medical treatment Plaintiff received for her injury

was provided by AdventHealth (Declaration of Abdul Crawford at ¶ 4).

5. While undergoing treatment at AdventHealth hospital, Plaintiff discussed with all the doctors and staff with whom he spoke the nature of his injuries, including the fact that her injuries occurred during the course and scope of his employment. (Declaration of Abdul Crawford at ¶ 7) (Motion, Exhibit A).

6. On or about On November 8, 2022, NACS received a past-due medical account from AdventHealth with a date of service of June 27, 2022, indicating a balance of $117.55 (ECF No. 33, Defendant's Statement of Undisputed Material Facts, #6)

7. In November 2022, Plaintiff received a debt collection letter from Defendant, dated November 8, 2022, and seeking payment of a debt in the amount of $117.55 allegedly owed to AdventHealth. (Declaration of Abdul Crawford at ¶ 9) (Exhibit B).

8. On December 2, 2022, Plaintiff filed an initial petition for workers' compensation benefits with the Office of Judges of Compensation Claims (OJCC), seeking benefits under Chapter 440 of the Florida Statutes. (Declaration of Abdul Crawford at ¶ 10).

9. On December 20, 2022, NACS received a second past-due medical account from AdventHealth Medical Group East Florida with a date of service of June 27, 2022, indicating a balance of $675.84. (ECF No. 33, Defendant's Statement of Undisputed Material Facts, #10)

10. In December 2022, Plaintiff received another debt collection letter from Defendant, dated December 20, 2022, and seeking payment of a debt in

the amount of $675.84 allegedly owed to AdventHealth. (Declaration of Abdul Crawford at ⁋ 11) (Exhibit C).

11. Under section 440.13(2)(a), Florida Statutes, an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Rance v Rocksolid Granit USA, Inc.*, 2010 WL 11601453 at *3 (S.D. Fla. Sept. 2, 2010).

12. Under section 440.13(3)(g), Florida Statutes, "The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section." *Davis v. Sheridan Healthcare, Inc.*, 281 So.3d 1259, 1272 (Fla. 2d DCA 2019).

13. Under section 440.13(13)(a) states, "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter." *Avalon Center v. Hardaway*, 967 So.2d 268, 274 (Fla. 1st DCA 2007).

14. By inferring that Plaintiff owed a collectible debt to Emergency Physician Solutions of South Florida, Inc., the demand letter falsely represented of the character, amount, or legal status of the debt. (Appendix, Exhibit I, *Malone Order* at p. 8).

15. Defendant does not deny the existence, validity, or authenticity of the November and December demand letters. (ECF No. 33, Defendant's Statement of Undisputed Material Facts, #6, #10)

16. Defendant is registered in the State of Florida as a consumer collection agency. (Exhibit E).

17. Defendant is not registered in the State of Florida as a commercial collection agency.

Dated: June 4, 2024

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
Scott D. Owens, P.A.
2750 N 29th Ave., Ste. 209A
Hollywood, FL 33020
Phone: 954-589-0588
scott@scottdowens.com

Paul A. Herman, Esq.
Consumer Advocates Law Group PLLC
4801 Linton Blvd Ste 11A-560
Delray Beach, FL 33445-6503
Phone: (561) 236-8851
paul@consumeradvocatelaw.com

Thomas Patti, Esq.
E-mail: Tom@pz1g.legal
Victor Zabaleta, Esq.
E-mail: Victor@pz1g.legal
Patti Zabaleta Law Group
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone: 561-542-8550