# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDUL CRAWFORD,

                                            Case No. 6:23-01780-RBD-DCI

    Plaintiff,

v.

NORTH AMERICAN CREDIT
SERVICES, INC.,

    Defendant.
_____/

**DECLARATION OF BRET L. LUSSKIN, ESQ.**

      I, BRET L. LUSSKIN, make this declaration in connection with Plaintiff's motion for an award of attorneys' fees in the above captioned matter.

      1.    I am an attorney who is licensed to practice law in the State of Florida, and I have been a member of the Florida Bar since September 2006. I practice before the United States District Court for the Middle District of Florida and I am familiar with the hourly rates charged by attorneys who practice in this Court.

      2.    I am familiar with the attorneys' fees generally charged by and awarded to attorneys for professional services rendered in actions similar to the instant case, i.e., actions filed against debt collectors under the Fair Debt Collection Practices Act.

      3.    I was asked by counsel for the Plaintiff to render an opinion on the reasonableness of the hours they expended to successfully prosecute and defend on appeal the district court's order granting summary judgment to Plaintiff. I was also asked to opine on what a reasonable hourly rate would be in the Middle District of Florida legal services market for each attorney claiming fees. I am not being compensated for these efforts. I have no interest in the outcome of this litigation and I am not associated with or employed by the Plaintiff or the Defendant.

      4.    For purposes of this opinion, I have presumed that Plaintiff is the prevailing party and entitled to reasonable fees under the 15 U.S.C. § 1692k(a)(3) as a result of his success in the initial phase of the instant case and the mandate issued by the Court of Appeals.

      5.    For the purposes of this opinion, I relied on the time records attached by Plaintiff's counsel to the motion for fees.

      6.    My objective was to calculate, via the lodestar method, "an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been

1

representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (emphasis in original).

7. In calculating the lodestar for each timekeeper's efforts, I used the prevailing market rates in the United States District Court for the Middle District of Florida as I understand them to be at this time, based on my experience and knowledge as a practitioner.

8. In giving my opinion, I considered *Johnson's* twelve factors in establishing a reasonable hourly rate and fee. *Johnson v. Georgia Highway Express, Inc*. 488 F.2d 714 (5th Cir. 1974), *cited with approval by Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983) and *Gray v. Bostic*, 625 F.3d 692, 714 (11th Cir. 2010).

9. As reflected in their resumes and declarations, Plaintiff's counsel are experienced and well qualified. Noting the year and the state in which they began practicing, or otherwise entered the legal field, I find their requested rates reasonable and line with the prevailing market for legal services of the complexity reflected in the issues and in the briefings in the case.

10. I found that the hourly records of Plaintiff's counsel were sufficiently detailed to allow review for the purposes of calculating a lodestar. Counsel were careful not to block bill their time, and in my estimation were appropriately specific in their entries.

11. This district court case and ensuing Eleventh Circuit appeal involved issues of Congressional intent as well as the complex interplay between the Florida Workers' Compensation Law and the Fair Debt Collection Practices Act. Given the complexity and amount of work involved in this appeal, the time Plaintiff's counsel spent was reasonable. Taking all of the above into account, Plaintiff's counsel's request for an award for attorney fees in this matter of $71,785.00 is a reasonable attorney's fee.

I make this declaration according to 28 United States Code § 1746. I declare under penalty of perjury that the foregoing is true and correct.

Executed at Miami-Dade County, Florida, on August 29, 2025.

/s/Bret L. Lusskin, Jr., Esq.
Bret L. Lusskin, Jr., Esq.
Bret Lusskin, P.A.
668 Golden Beach Drive
Golden Beach, FL 33160
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com
