UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDUL CRAWFORD,

    Plaintiff,

v.

NORTH AMERICAN CREDIT
SERVICES, INC.,

    Defendant.

_____ /

Case No. 6:23-01780-RBD-DCI

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff, Abdul Crawford, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 54(d) and this Court's Order of December 5, 2024 (the "Order"), wherein this Court stayed the determination of fees in this case pending appeal to the Eleventh Circuit. (ECF No. 70), hereby files this motion for fees, expenses and costs, and in support thereof, states the following.

**I.    Introduction.**

This case arises out of Defendant North American Credit Services, Inc.'s, violations of the Fair Debt Collection Practices Act by attempting to collect an alleged debt from Plaintiff Abdul Crawford that he did not owe. From the outset, and contrary to Eleventh Circuit opinions in other materially similar cases, Defendant nonetheless remained intransigent— vigorously opposing Plaintiff at every turn,

eventually taking this case to the Eleventh Circuit, where Plaintiff prevailed in definitive fashion. Meanwhile, this Court entered the December 5, 2024, Order, giving Plaintiff 30 days after the conclusion of the appeal within which to move for attorneys' fees and costs. The Eleventh Circuit issued its mandate in this matter on July 30, 2025, thereby concluding the appeal. 30 days from July 30 is August 29, 2025. This motion is therefore timely. On August 27, 2025, Plaintiff timely moved to transfer the determination of appellate attorney's fees to the district court. Said motion remains pending.

Because Plaintiff prevailed in this matter, he is entitled to an award of attorneys' fees. Because the fees sought are reasonable under the circumstances, they should be awarded as requested.

## II.   Legal Standard

In determining the amount of attorney's fees to be awarded, courts apply the following three-step process: (1) determine whether the party prevailed in the litigation; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta J. & Constitution v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is " 'the place where the case is filed.' " *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate, which can be met by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id*. at 1303–04. In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id*. at 1301–02.

### III. Plaintiff has prevailed in this matter, therefore the plain language of the FDCPA entitles him to an award of attorney's fees and costs.

The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, Supreme Court precedent in the civil

3

rights fee-shifting context is applicable in FDCPA cases as well. *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931 (11th Cir. 2008). The FDCPA's statutory language makes an award of fees mandatory. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). *See also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure of [the FDCPA], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.").

> **IV. Awards of attorneys' fees under federal statutes with fee-shifting provisions are not conditioned upon and need not be proportionate to an award of money damages.**

Given the role of fee shifting provisions in encouraging enforcement actions, courts have found that awards of attorneys' fees under federal statutes with fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986); see also *Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir. 1991) ("We believe we made it clear that we were not departing from the recognized principle that the fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."). That is, a rule limiting an award of attorneys' fees to an amount proportionate to the damages recovered would seriously undermine the mechanism that Congress chose to enforce the FDCPA. *See Turner v. Oxford Mgmt. Services, Inc.*, 552 F.

Supp. 2d 648, 656 (S.D. Tex. 2008) ("The disparity between the final award of damages and the attorneys' fees and expenses sought in this case is not unusual and is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims."); *accord Jones v. White*, No. 03-2286, 2007 WL 2427976, at *6 (S.D. Tex. Aug. 22, 2007) (awarding $265,769.15 for attorneys' fees in conjunction with $100 statutory damages award under the Americans with Disabilities Act).

Indeed, the very purpose of the statute's fee-shifting provision is to allow consumers to obtain competent counsel to pursue remedies, even for relatively small claims. And by providing the private bar with incentive to involve itself in consumer litigation like this, the federal government also has relieved itself of the costs of protecting consumers, while still ensuring that those consumers may avail themselves of their statutory rights. Thus, "[i]n order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). In other words, paying counsel less—for example, by proportioning a fee award to the amount of damages recovered—"is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id.*, at 653. Here, Plaintiff prevailed on his FDCPA claim and is thus entitled to an award

of his reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3).

> **V.   Plaintiff's request for $88,387.50—based on the "lodestar amount"—is reasonable.**

There exists a strong presumption that the lodestar amount represents an adequate and proper fee award. The "lodestar amount" is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 547 (1986), supplemented, 483 U.S. 711 (1987). The Supreme Court explained that it has "established a 'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1672-73 (2010) (characterizing the lodestar approach as the "guiding light of our fee-shifting jurisprudence" that has "achieved dominance in the federal courts," and endorsing the approach as an alternative to the Johnson factors that "placed unlimited discretion in trial judges and produced disparate results").

In this case, Plaintiff seeks an award of attorneys' fees in the amount of $88,387.50, for a total of 191 hours of attorney and paralegal time at hourly rates ranging from $150.00 per hour to $475.00 per hour. Specifically, Plaintiff's attorneys' fees are broken down as follows:

| Timekeeper | Rate | Time | Fees |
|---|---|---|---|
| Paul A. Herman, Esq. | $475.00 | 56.9 | $ 27,027.50 |
| Thomas Patti, Esq. | $450.00 | 35.4 | $ 15,930.00 |
| Bradford Ryser | $150.00 | 5.2 | $     780.00 |
| Scott D. Owens, Esq. | $475.00 | 94.0 | $ 44,650.00 |

| Total | | | $ 88,387.50 |

The basis for each rate is discussed below and further supported by the declaration of Brett Lusskin, Esq., attached hereto as **Exhibit A**. The requested hours are supported by Plaintiff's Combined Task-Based Itemized Statement of Fees, (attached as **Exhibit B**), which contains the dates, times, and descriptions of the services rendered by each individual.

    A.    **Plaintiff's counsel's requested billing rates are reasonable.**

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiff's counsel's billing rates are consistent with those found reasonable in FDCPA class action cases heard in the Middle District of Florida. *See Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043ORL40TBS, 2019 WL 2223773, at *4 (M.D. Fla. May 23, 2019) (finding fees at a rate of $450 per hour reasonable in FDCPA class action); *Williamsew Penn Fin., LLC*, No. 3:17-CV-570-J-25JRK, 2019 WL 2526717, at *8 (M.D. Fla. May 8, 2019) (finding rates of $500 per hour reasonable in FDCPA class action); *Rigney v. Livingston Fin., LLC*, No. 612CV617ORL37TBS, 2014 WL 12625790, at *9 (M.D. Fla. Mar. 6, 2014), *report and recommendation adopted,* No. 612CV617ORL37TBS, 2014 WL 12633494 (M.D. Fla. Mar. 13, 2014) (finding fees based on hourly ranges from $350 to $450 to be reasonable in FDCPA class action).

Plaintiff-Appellee's litigation team consisted of three attorneys and one

paralegal with substantial experience in complex litigation, each of whom made a unique and necessary contribution.

Scott Owens has been practicing law in Florida since 2002 and has over 18 years of experience in complex consumer litigation (including FDCPA). See **Exhibit C**, Owens Declaration.

Paul Herman has been practicing law in Florida since 1984 and in Washington D.C. since 2013, was board certified in Florida Workers' Compensation Law from 1991-2016 and has practiced consumer law, primarily FDCPA, FCCPA, and FCRA since 2008. See **Exhibit D**, Herman Declaration.

Thomas Patti is a seasoned consumer protection attorney, practicing law in Florida for 10 years. Mr. Patti has operated as the lead counsel in hundreds of individual consumer protection cases in both the Southern District and Middle District of Florida. See **Exhibit E**, Patti Declaration; see also **Exhibit F**, Ryser Declaration.

## VI.   Plaintiff is entitled to reimbursement of fees and costs.

The FDCPA also allows Plaintiff to recover his costs in this action. *See* 15 U.S.C. § 1692k(a)(3). At this time, Plaintiff seeks costs in the amount of $2,498.00. *See* summary of costs incurred attached hereto as **Exhibit G**. These costs were reasonable and necessary to the prosecution of this matter.

## VII. Conclusion

For the reasons set forth above, Plaintiff, pursuant to 15 U.S.C. § 1692k(c), is entitled to an award of attorneys' fees incurred in the prosecution of this action, including those incurred in the Eleventh Circuit appeal.

Accordingly, Plaintiff respectfully requests and award of attorneys' fees and costs in the amount of $88,387.50. This amount represents the work done in the appeal and petition for appellate attorneys' fees through August 29, 2025. Plaintiff reserves the right to supplement the record if his attorneys engage in further compensable time.

Dated: August 29, 2025         Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Phone: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Paul A. Herman, Esq.
Consumer Advocates Law Group PLLC
4801 Linton Blvd Ste 11A-560
Delray Beach, FL 33445-6503
Phone: (561) 236-8851
Fax: (561) 431-2352
paul@consumeradvocatelaw.com

Thomas Patti, Esq.
E-mail: Tom@pz1g.legal
Victor Zabaleta, Esq.

        E-mail: Victor@pz1g.legal
        Patti Zabaleta Law Group
        3323 Northwest 55th Street
        Fort Lauderdale, Florida 33309
        Phone: 561-542-8550

## LOCAL RULE 3.01(g) CERTIFICATION

I, Thomas Patti, Esq., hereby certify that I conferred with counsel for Defendant regarding the relief sought in this motion. Defendant intends to oppose the requested relief.

        Respectfully submitted,

        s/ Thomas Patti
        Thomas Patti, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        s/ Scott D. Owens
        Scott D. Owens, Esq.